UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AESTHETIC ASSOCIATES, INC., P.S.;<br><br>        Plaintiff,<br><br>        vs.<br><br>EYECARE SPECIALISTS MEDICAL GROUP, INC. DBA ATLANTIS EYECARE; EHSAN SADRI MD,<br><br>        Defendants. | Case No. SACV 13-cv-01693-DOC (RNBx)<br><br>[PROPOSED]<br>STIPULATED PROTECTIVE ORDER |

GOOD CAUSE STATEMENT

        WHEREAS, plaintiff AESTHETIC ASSOCIATES, INC., P.S. ("Plaintiff"), on the one hand, and defendants EYECARE SPECIALISTS MEDICAL GROUP, INC. DBA ATLANTIS EYECARE ("Atlantis") and EHSAN SADRI, M.D. ("Dr. Sadri"), on the other hand (hereinafter, Atlantis and Dr. Sadri sometimes collectively referred to as the "Defendant Parties"; and Plaintiff and the Defendant Parties sometimes individually referred to as a "Party" or collectively referred to as "the Parties"), each agree that discovery in this action may involve disclosure of certain confidential, trade secret, sensitive or proprietary business information about the Parties, their

23838

respective patients, and/or their respective businesses; and

WHEREAS, the Parties are in a competitive business environment, and do not wish to disclose to each other confidential, trade secret, sensitive or proprietary business information (as defined below) without a protective order; and

WHEREAS, the unprotected disclosure of such confidential, trade secret, sensitive or proprietary business information could cause serious injury and damage to the Parties and/or intrude on the privacy rights of their respective patients;

NOW, THEREFORE, subject to and conditional upon the Court's approval of this Stipulated Protective Order, the Parties hereby stipulate through their respective counsel of record as set forth below that discovery in this matter shall be had pursuant to the following Stipulated Protective Order:

1.  <u>DEFINITIONS</u>

1.1.  As used herein, the phrase "Confidential Information" means and includes both "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" designated information and documents, as defined below.

1.2.  As used herein, the designation "CONFIDENTIAL" means and applies to: (a) any patient, medical or billing information, medical records or reports, patient files, lists or identifying information, proprietary business information, financial information, credit card information, cost information, supplier lists and information, price lists or pricing information, sales records, invoices and summaries, payment information, checks and bank records, corporate minutes and resolutions, purchase orders, shipping documents, product designs, drawings, specifications and schematics, original product research,

development, manufacturing and production information, information regarding websites and their development, optimization and maintenance, internal computer data, metadata and access data, which are not generally known and which the producing Party has not made public; (b) as set forth in California Civil Code section 3426.1, which is incorporated herein by this reference,[1] any information, document or thing produced in discovery which contains trade secrets of the producing Party; (c) any data derived from such information, documents or things, including any summaries, compilations, quotes, or paraphrases thereof; and/or (d) any other sensitive commercial or personal information having a similar degree of confidentiality and value to the producing Party similar to that of the foregoing (excluding information covered by the attorney-client privilege or attorney work product doctrine).

1.3.   As used herein, the designation "ATTORNEYS' EYES ONLY" means and applies to: (a) any type of confidential, proprietary or trade secret information, document, or thing that is "CONFIDENTIAL" as defined above, which also includes non-public , extremely sensitive or proprietary or other highly confidential business, financial or strategic information, that the disclosing Party in good faith reasonably believes would create a substantial risk of competitive or business injury to the disclosing Party if disclosed to a competitor or a person who the disclosing Party

---

[1]   As defined in California Civil Code section 3426.1(d), trade secrets means information, including without limitation, a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

1    reasonably believes to have interests that are aligned with a

2    competitor; and (b) any data derived from such information,

3    document or thing, including any summaries, compilations, quotes,

4    or paraphrases thereof.

5              1.4.   As used herein, the terms "document" or

6    "documents" mean and include, but are not limited to,

7    correspondence, e-mail and other communications, records, exhibits,

8    reports, samples, transcripts, video or audio recordings, disks,

9    affidavits, briefs, pleadings, summaries, notes, abstracts,

10   drawings, company records and reports, answers to interrogatories,

11   responses to requests for admissions or document requests, and

12   motions, including copies or computer-stored versions of any of the

13   foregoing, as well as anything meeting the definition of a

14   "writing" as used in California Evidence Code section 250.

15             2.   <u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>

16             2.1.   This Stipulated Protective Order applies to

17   all discovery responses in this case, and to any other documents or

18   materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY

19   information disclosed in this action that are designated by a Party

20   or a third party as such hereunder, as defined above, as well as to

21   any documents or materials containing CONFIDENTIAL or ATTORNEYS'

22   EYES ONLY information disclosed in this action by way of motion,

23   order of the Court, in response to questions in deposition, written

24   interrogatories, requests for admission, requests for the

25   production of documents and other tangible things, subpoenas, or

26   any other discovery undertaken in this action.

27             2.2.   Any Party or third party as provided for

28   herein may designate Confidential Information as CONFIDENTIAL or

ATTORNEYS' EYES ONLY, as defined above, prior to or at the time of disclosure by that Party or a third party.  Such designation shall be made by placing the appropriate designation on every page of each document so designated.  In the case of information disclosed in or by a non-paper medium (*e.g.*, videotape, audiotape, digital video disc, compact disc, USB flash drive, computer disk, external hard drive or other tangible thing), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply both to the document or other material itself and to the Confidential Information contained therein or thereon.

2.3.   Confidential Information shall be used only for the purposes of this litigation and may not be used by any Party to which or to whom that information is produced or disclosed for any other purpose.

2.4.   The Parties and their attorneys shall use reasonable care and diligence to avoid designating any documents or materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are not entitled to such designation.  The designating Party bears the burden of proof to support the protections afforded under this Stipulated Protective Order.

2.5.   Each of the Parties to this Stipulated Protective Order expressly agrees and covenants that it will not disclose or cause the disclosure of any Confidential Information in violation of this Stipulated Protective Order, and that it will take appropriate steps to secure and safeguard all Confidential Information in its possession, along with any copies, summaries, excerpts, abstracts, or other information derived in whole or in

1   part therefrom.

2           2.6.    Third parties may avail themselves of the

3   protections of this Stipulated Protective Order by: (a) executing a

4   nondisclosure agreement in the form attached hereto as Attachment

5   "A" and serving a copy thereof on all counsel of record herein, or

6   (b) by orally agreeing to be bound by the terms hereof if such oral

7   agreement is made on the record during a deposition, which shall

8   also be read into the record of such deposition, and by thereafter

9   producing documents and/or giving testimony in accordance with this

10  Stipulated Protective Order.

11          3.    <u>DEPOSITIONS</u>

12          3.1.    With respect to the examination of witnesses

13  upon oral deposition, when Confidential Information is supplied to

14  the deponent, or when the deponent's testimony contains, reflects,

15  or comments on Confidential Information, the deposition reporter

16  and/or video operator shall be informed of this Stipulated

17  Protective Order by the Party or third party seeking to invoke its

18  protection and provided a copy hereof, and will be required to

19  agree to be bound by its terms in accordance with Paragraph 2.6.

20  If deposition testimony is designated as CONFIDENTIAL or ATTORNEYS'

21  EYES ONLY at a deposition, the portion of the testimony so

22  designated shall be bound in a separate transcript and/or recorded

23  on a separate video device such as videotape, digital video disc or

24  similar recording device (collectively, "video"), if the deposition

25  is video recorded.   The reporter and/or video operator shall then

26  place on the cover of any such separate transcript or video the

27  words "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS ATTORNEYS'

28  EYES ONLY INFORMATION," as appropriate.   Counsel for the Parties

shall then take appropriate steps to prevent such separate transcript or video so designated from being disclosed to any person, except as provided in this Stipulated Protective Order. The Party taking any deposition shall be responsible for ensuring that the court reporter and/or video operator are informed of this Stipulated Protective Order and have agreed to comply with and be bound by its terms.

3.2.   If Confidential Information is to be discussed or disclosed in a deposition, any Party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such Confidential Information pursuant to the terms of this Stipulated Protective Order during that portion of the deposition in which the Confidential Information is actually discussed or disclosed.

3.3.   Nothing herein shall preclude a Party from showing any deponent in this action documents or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY if said deponent was the author, sender, or a recipient of such documents or other materials or can otherwise be demonstrated to have had prior access to or receipt of such documents or materials or the information contained therein.  Regardless of designation pursuant to this Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness in this action, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of

Paragraph 5 below.

    4.    <u>DEPONENTS AND THIRD PARTY WITNESSES BOUND BY THIS</u>
<u>STIPULATED PROTECTIVE ORDER</u>

    4.1.    Each deponent or third party witness to whom any Party proposes to disclose Confidential Information at a deposition, trial, or other proceeding shall first be given a copy of this Stipulated Protective Order and informed of its contents; shall agree to be bound by the obligations of confidentiality and nondisclosure as set forth in this Stipulated Protective Order; and shall either (a) execute a nondisclosure agreement in the form attached hereto as Attachment "A", or (b) orally agree, if such oral agreement is made on the record during a deposition, to be bound by its terms, which shall also be read into the record.

    5.    <u>ACCESS TO CONFIDENTIAL INFORMATION</u>

    5.1.    All Confidential Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity except as provided in this Stipulated Protective Order.

    5.2.    Access to Confidential Information designated ATTORNEYS' EYES ONLY shall be limited to the following "Qualified Persons":

    5.2.1.    Outside counsel of record for the Parties, their employees and staff, and outside vendors engaged in, and used solely for, simple reproduction or copying.

    5.2.2.    Consultants and experts requested by the Parties or their counsel to furnish expert or litigation support services in this litigation, provided that such consultants or experts fulfill the conditions in paragraph 5.5 below, and

provided that the name and employment affiliations of the consultants or experts are provided to the disclosing Party's counsel at least ten (10) days in advance of any disclosure of that Party's confidential information, so that counsel for the disclosing Party may have an opportunity to object to the Court prior to such disclosure, in which case such disclosure shall not occur pending resolution by the Parties or the Court.

                  5.2.3.   The Court and its authorized personnel, pursuant to paragraphs 7.1 below.

                5.3.   Access to and/or disclosure of information designated as CONFIDENTIAL shall be limited to the following "Qualified Persons":

                  5.3.1.   Those persons or entities considered "Qualified Persons" under paragraph 5.2.

                  5.3.2.   The Parties to this case, and their officers, directors, agents and employees whom counsel of record believes in good faith have a need for access to such information for the preparation and trial of this action.

                  5.3.3.   Deponents, so long as the conditions of Paragraphs 3.1, 3.3 and 4.1 above are met.

                5.4.   No Confidential Information received by any Party or counsel in this lawsuit may be revealed or disclosed to any person or entity not described above.

                5.5.   Each consultant or expert authorized pursuant to Paragraph 5.2.2, shall, prior to being given access to Confidential Information, acknowledge in writing his or her familiarity with the terms of this Stipulated Protective Order and execute a nondisclosure agreement in the form specified in

Attachment "A" hereto.

6.   PARTY'S OWN INFORMATION

6.1.   Nothing in this Stipulated Protective Order shall affect the right of the designating Party to disclose to its own officers, directors, employees, agents, consultants or experts, or to any other person, Confidential Information designated by it.

7.   FILING OR LODGING UNDER SEAL, AND OTHER USE

7.1.   In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

8.   CHALLENGING A DESIGNATION

8.1.   In the event that counsel of record for any Party at any time believes that designated Confidential Information should not be so designated, or that a different designation should be employed, and prior to the filing of any motion relating to any dispute over such designation, counsel for the Parties shall confer in a good faith effort to eliminate the necessity for a hearing or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange this conference.  Such counsel shall so notify counsel for the designating Party in writing which notice shall identify each

10

issue, shall state briefly with respect to each such issue the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue), and specify the terms of the designation or discovery order to be sought.  Counsel of record for both the complaining and designating Parties then shall meet and confer in good faith concerning such disputed Confidential Information within ten (10) days of receipt of the notice.  If agreement is not reached within those ten (10) days, counsel may then file an appropriate motion with the Court challenging the designation.  Any such motion, however, will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  Upon such motion, the designating Party bears the burden of proof to support the designation.  The designated Confidential Information shall be subject to and protected by this Stipulated Protective Order under the designation assigned by the designating Party until the Court has ruled on any such motion.

8.2.   No Party shall be obliged to challenge the propriety of a confidential designation at any specified time, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9.   <u>INADVERTENT DISCLOSURE</u>

9.1.   The inadvertent failure to designate Confidential Information properly (or at all) in accordance with this Stipulated Protective Order prior to or at the time of disclosure shall not operate as a waiver of a Party's right to thereafter designate such information as confidential within thirty (30) days after such disclosure or after actual notice of such

1  disclosure, whichever is later.

2  9.2.   In the event that Confidential Information is

3  designated as confidential after disclosure, but within the thirty

4  (30) day period allowed under Paragraph 9.1, all receiving Parties

5  shall employ reasonable efforts to ensure that all inadvertently

6  disclosed information is subsequently treated as confidential

7  pursuant to the terms of this Stipulated Protective Order.

8

9  9.3   If a Party inadvertently produces material

10 that it considers to be protected by the attorney-client privilege,

11 the work product doctrine or any other privileges or doctrines of

12 similar effect, in whole or in part, the Producing Party may

13 retrieve such information as follows:

14 a.   Within five (5) court days of the date of

15 discovery by the Producing Party of the inadvertent production by

16 it, the Producing Party must give written notice to all other

17 Parties that the Producing Party claims the material, in whole or

18 in part, is privileged or protected material; in addition, the

19 notice must state the nature of the privilege or protection and the

20 basis for asserting it.

21 b.   Upon receipt of such notice, any Party who

22 has received the subject material shall promptly return all copies

23 to the Producing Party asserting inadvertent production.   In the

24 event that only part of any material is claimed to be privileged or

25 protected, the Producing Party shall furnish to the other Parties

26 who have received the material a redacted copy of such material,

27 removing only the part(s) thereof claimed to be privileged or

28 protected, together with such written notice.

STIPULATED PROTECTIVE ORDER

1          c.   Any Party who has received the subject
2   material may contest the claim of privilege or inadvertence by
3   filing a motion contesting the claim within ten (10) court days of
4   receiving the notice under subparagraph (a) above.  Any such
5   motion, however, will need to be made in strict compliance with
6   Local Rules 37-1 and 37-2 (including the Joint Stipulation
7   requirement).  During the pendency of such motion, the receiving
8   Party need not return all copies of the subject material to the
9   Producing Party asserting inadvertent production; however, the
10  receiving Party may not use or disclose the material for any
11  purpose other than prosecution of the motion challenging the
12  privilege or protection claim until and unless such time as the
13  court has ruled in favor of the motion.

14          d.   The provisions of the above subparagraphs
15  are without prejudice to any other rights that any Party may have
16  with respect to challenging or defending any claim of privilege.
17  However, the inadvertent disclosure or production of any such
18  privileged material shall not be deemed a waiver of that privilege,
19  or to preclude reliance on that privilege.

20      10.  MISCELLANEOUS

21          10.1.  Documents designated CONFIDENTIAL or
22  ATTORNEYS' EYES ONLY shall be maintained in the custody of outside
23  counsel of record for the Parties except that: (a) any court
24  reporter who transcribes testimony given in this action may
25  maintain any such designated documents for the purpose of rendering
26  his or her normal transcribing services; and (b) partial or
27  complete copies of such documents may be retained by consultants
28  entitled to see such documents under the terms of this Stipulated

13

Protective Order to the extent necessary for their study, analysis, and/or preparation of the case.  A person with custody of documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall maintain them in a manner that limits access to those documents to only those persons entitled under this Stipulated Protective Order to examine them.

10.2.  Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any documents, other than attorney work product, containing designated Confidential Information produced by a Party or third party shall either be destroyed and written certification of such destruction provided to counsel for the designating Party or third party, or returned to the Party or third party producing such documents or writings.  Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pretrial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Such file copies must be maintained under the conditions of maintaining information as set forth in Paragraph 10.1.

10.3.  The provisions of this Stipulated Protective Order apply to all proceedings in this action, including, but not limited to, all appeals, arbitrations, mediations, settlement proceedings, and proceedings upon remand.

10.4.  A designation of confidentiality pursuant to this Stipulated Protective Order shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention Confidential Information

shall come unless and until otherwise ordered by the Court or stipulated in writing or on the record by all Parties to this action.  These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until all Parties to this action stipulate that designated Confidential Information can be disclosed.

10.5.  No Party to this action, by designating certain information as confidential under this Stipulated Protective Order, or by acquiescing in any other Party's or third party's designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or otherwise confidential and subject to protection hereunder.

10.6.  The designation of confidentiality is not admissible before any trier of fact.

///

///

///

///

///

///

///

///

///

///

///

///

///

STIPULATED PROTECTIVE ORDER

10.7.  The Court retains jurisdiction even after termination of this action to enforce this Stipulated Protective Order and to make such deletions from, or amendments, modifications, and additions to, the Stipulated Protective Order as the Court may from time to time deem appropriate.  The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Stipulated Protective Order or seeking further protection against disclosure or use of claimed Confidential Information.

IT IS SO STIPULATED.

DATED: _____March 5, 2014        LANE POWELL PC


                                  By: _/s/ Gregory F. Wesner _____
                                       Gregory F. Wesner

                                  G. Peter Albert, Jr.
                                  Adrian R. Cyhan
                                  ALBERTDHAND LLP

                                  Attorneys for Plaintiff
                                  Aesthetic Associates, Inc., P.S.


DATED: ___March 5, 2014           KLEIN, O'NEIL & SINGH, LLP


                                  By: _/s/ Glen L Nuttall_____
                                       Glen L. Nuttall
                                  Attorney for Defendants
                                  Eyecare Specialists Medical Group,
                                  Inc., dba Atlantis Eyecare; and Ehsan
                                  Sadri, M.D.

IT IS SO ORDERED.


DATED: March 25, 2014

                                  _____
                                  HONORABLE ROBERT N. BLOCK
                                  UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

ATTACHMENT "A"

<u>NONDISCLOSURE AGREEMENT</u>

I, _____, do solemnly swear that I am familiar with the terms of the Stipulated Protective Order (the "Order") entered in <u>Aesthetic Associates, Inc., P.S. v. Atlantis Eyecare, Inc., et al.</u>, U.S. Central District Court, Case No. SACV 13-cv-01693-DOC (RNBx) (the "Action"), and hereby agree to comply with and be bound by all of the terms and conditions of said Order, unless and until modified by further order of the Court in the Action.  I will not disclose to any individuals, other than those specifically authorized by the Court or in the Order, any documents or information designated as Confidential Information pursuant to the Order which are disclosed to me, nor will I copy, use or disclose any documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the Order except for the purposes of the Action and/or as authorized by the Order.  I hereby consent to the jurisdiction of the Court in the Action for purposes of enforcing this Order.

DATED: _____    Signature: _____

                          Name:     _____
                                    (print)

                          Address:  _____

                                    _____

                          Telephone
                          Number:   _____